CALEB STOWELL *vs.* GEORGE C. RICHARDSON.

A promissory note is not provable in insolvency against the estate of an indorser, before its maturity.

APPEAL from a decree of the judge of probate and insolvency for the county of Suffolk, disallowing a claim presented for proof against the estate of William W. Tobey, one of the firm of Tobey, Sampson & Co., insolvent debtors, of whose estate the appellee was assignee. The claim consisted of a promissory note of $5000, dated June 1, 1859, signed by Charles E. Minot, who was also a member of the same firm, payable in three years from date to the order of Tobey, and by him indorsed; and the presentment for proof was long prior to its maturity. The note was proved and allowed against the estate of the maker. On these facts, *Ames*, J. directed the jury, in the supe rior court, to return a verdict for the appellee, which was done, and reported the case for the determination of this court.

*A. H. Fiske,* for the appellant.

*H. C. Hutchins,* for the appellee.

BIGELOW, C. J.   This case presents a question of great practical importance arising on the interpretation of that section of the statute relating to proceedings in insolvency, which regulates the proof of debts.   Gen. Sts. *c.* 118, § 25.   The general rule established by the statute is that a debt, in order to be provable against the estate of an insolvent debtor, must be absolutely due at the time of the first publication of the notice of issuing a warrant against his estate.   To this rule there are several specified exceptions, among which is the one on which the present question arises.   It is expressed in these words :   " If the debtor is liable for any debt in consequence of having made or indorsed a bill of exchange or promissory note before said first publication," " such debt may be proved and allowed as if it had been due and payable by the debtor before the first publication."   It is obvious that this language, so far as it relates to the liability of the debtor as an indorser, is open to two interpretations.   In a certain sense, a person may be said to be liable for a debt as indorser of a note or bill of exchange as soon as he has placed his name upon it and put it into circulation, but it is a qualified and contingent liability, which does not become absolute and certain until the maturity of the contract and the failure of the party primarily liable on it to pay, on due demand and notice.   If this was the liability contemplated by the statute, then it is clear that a note indorsed by an insolvent debtor may be proved against his estate before its maturity and before the contingency has arisen on which he becomes absolutely bound for its payment.   On the other hand, the words of the statute are open to the construction that the insolvent debtor is not liable for a debt on a note indorsed by him, until the maker, who is primarily liable, has failed to perform his promise, and the right of the holder to charge the indorser has become fixed and absolute by due presentment and notice.   The real question is this case is, which of these two interpretations of the words of the statute is most just and reasonable, and best carries out the intent of the legislature ?   Upon careful consideration we are constrained to adopt the latter.

**6 \***

The first and most obvious consideration which leads to this conclusion is that, in a strict and legal sense, a person cannot be said to be " liable for a debt " when it is wholly uncertain whether the contingency will arise, until the happening of which he cannot be chargeable with the debt either in his person or estate. Until the note falls due the liability for the debt is contingent. When the note arrives at maturity it may be paid by the promisor, or the holder may omit to take the steps necessary to fulfil the conditions on which his right to charge the indorser with the debt depends. In either case no debt would be fixed on the indorser. The relation of debtor and creditor, in the proper sense of those words, would never subsist between him and the holder of the note. His responsibility for the debt does not commence until the conditions precedent to his liability therefor have been fulfilled by the dishonor of the note and due notice to him. The legal difference between a liability as indorser and a liability as a debtor is clear and well defined. The former is conditional and contingent; the latter is fixed and absolute. This distinction, we think, is intended to be marked and preserved by the words of the statute. It does not provide that a note may be proved before its maturity against the estate of a person solely in consequence of his having indorsed it, but limits the right of proof to cases where, in consequence of a contract of indorsement, a party has become " liable for the debt."

There is another consideration, of greater weight in the interpretation of the statute, which leads to the same result. We cannot think that the legislature intended by this provision to change the nature of the contract into which the insolvent debtor entered, by converting his liability from an uncertain and contingent obligation to pay a debt into a fixed and absolute one, and to make his estate primarily liable on a contract which he was bound to perform only in the event that another party failed to fulfil his promise. Such is the necessary consequence which must follow, if it be held that a note may be proved against the estate of an indorser before its maturity. In such case no demand could be made on the promisor before the right to

prove the note accrues to the holder. The right of immediate proof would become absolute by the insolvency of the indorser, and the right to receive dividends from his estate would follow, although the maker of the note might then be solvent and remain so until the note fell due. The effect of such a construction of the statute would render it equivalent to an enactment that the commencement of proceedings in insolvency should operate to abrogate the rule requiring demand and notice as to all notes on which the insolvent was liable as indorser, which might be offered for proof before their maturity, and to cause them to be regarded as dishonored notes for the purpose of allowing proof thereof and receiving dividends thereon. Such a rule might be more reasonable if it were applicable only to cases where the maker of the note was also insolvent, because a demand on him for payment might in such cases be deemed useless. But the words of the statute will not allow of such an interpretation. They are so broad and comprehensive that it must be held that if any notes are provable on which an insolvent debtor is liable as indorser before their maturity, none can be excluded. All are alike provable, without regard to the solvency of the maker or his eventual ability to pay them at maturity. If it had been the intention of the framers of the statute to establish a rule for the proof of this class of liabilities, by which the proceedings in insolvency would be made to work a change in the nature of the contract of indorsement, we think it would have been expressed in clear and unambiguous language. We certainly cannot infer such an intention by implication, when the words of the statute are open to a fair and reasonable interpretation which leads to a different result.

Nor can we overlook the consideration that the provision for the proof of debts seem to have been studiously framed with a view to exclude all contingent debts and liabilities. Even a guaranty of a debt, which in its nature approaches very near to the contract of indorsement, is not provable against the estate of an insolvent. *Allen* v. *Cartwright,* 15 Gray, . So far as any provision is made for the proof of debts (other than notes indorsed by the insolvent debtor) which are not absolutely due at

the time of the commencement of proceedings in insolvency, as where money is due on policies of insurance and on bottomry and respondentia bonds, it is confined to cases where the loss occurs or the contingency happens before the making of the first dividend, so that when offered for proof they must have then become debts absolutely due.

The question then arises, what is the true interpretation of this clause of the statute ? It certainly was designed to create an exception to the general rule, which requires that debts, to be provable, should be absolutely due at the time of the commencement of insolvent proceedings, in favor of the holders of notes indorsed by the debtor, which had not then matured. Otherwise the language of the statute would be without meaning. The extent of this exception is best defined by the words of the statute. The debtor, when the claim is offered for proof, must be liable for the debt. It is not necessary, as in case of the proof of other contingent claims which are allowed by statute, that the liability should become fixed and absolute before the making of the first dividend. No such limitation is prescribed as to the proof of notes on which the debtor is an indorser. As to these a more liberal rule is established. It is sufficient if the liability of the indorser has become fixed and absolute when the note is offered for proof. It may then be proved in like manner " as if it had been due and payable by the debtor before the first publication." This interpretation gives full operation to the words of the statute, without changing the nature or obligation of the contract, or allowing the proof of claims which are contingent and which may never become debts for which the estate of the debtor is legally chargeable. Such we think was the intent of the framers of the statute. They did not intend to exclude the proof of that large class of notes on which merchants, traders and others engaged in the active pursuits of business would be most likely to be liable as indorsers, and which would usually fall due within a few months after the commencement of proceedings in insolvency, nor to deprive debtors of the benefit of a discharge from a large number and amount of the claims for which they might be held responsible. On the

other hand, it was the intention to prevent the proof of contingent claims falling due at remote periods, which, if admitted, would tend to protract the final settlement of insolvent estates by rendering it necessary to keep them open for the purpose of obtaining reimbursement from those who were primarily liable on notes which were indorsed by the debtor. Certainly, as a practical system, the statute thus construed will operate beneficially both on debtors and creditors. That it would be competent for a judge of insolvency, in the exercise of a sound discretion, to postpone a final dividend in order to admit proof of notes indorsed by an insolvent debtor after they have been matured, we cannot doubt. But the holder of such notes cannot claim a postponement as a matter of right, nor insist on proof of them before the insolvent has become absolutely liable thereon. *Judgment on the verdict.*